UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOYCE MOCEK and<br>MICHAEL ELROD,<br><br>      Plaintiffs,<br><br>v.<br><br>BI-STATE DEVELOPMENT AGENCY of the<br>MISSOURI-ILLINOIS METROPOLITAN<br>DISTRICT d/b/a METRO TRANSIT,<br><br>      Defendant. | No. 4:17CV1544 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Count II of Plaintiffs' Amended Complaint for Failure to State a Claim (ECF No. 16). The motion is fully briefed and ready for disposition.

## I. Background

This case stems from a motor vehicle accident that occurred on June 7, 2015, wherein Defendant's bus struck the rear of Plaintiffs' Ford Explorer. On May 22, 2017, Plaintiffs filed a Complaint in federal court against Defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a/ Metro Transit ("Bi-State"). Plaintiffs later filed an Amended Complaint alleging bodily injury and property damage arising from the accident. Specifically, Plaintiffs allege that Bi-State was negligent while operating the bus (Count I) and that punitive damages are warranted for Bi-State's violation of the Missouri improper claims practices under Section 375.1000 *et seq.* of the Missouri Revised Statutes (Count II). (Pl.'s Am. Compl. ¶¶ 25-37)

## II. Legal Standard

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Supreme Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *Id.*; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## III. Discussion

In its Motion to Dismiss, Bi-State argues that Count II should be dismissed for failure to state a claim because the Missouri statute upon which Plaintiffs rely does not allow for punitive

2

damages; does not provide a private right of action for private individuals; applies only to insurers engaged in the business of insurance; and applies only to claims made by an insured against his insurer pursuant to a policy of insurance. Bi-State asserts that because the statute cited by Plaintiffs is not applicable to Plaintiffs' cause of action, Count II should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Plaintiffs contend that Mo. Rev. Stat. § 375.1007, as referenced in the Amended Complaint, is relevant only to establish "a baseline for appropriate conduct of insurers in handling claims, and as evidenced by the facts of this case, Defendant's actions failed to meet these guidelines." Bi-State responds that Mo. Rev. Stat. § 375.1007 does not establish a claim for punitive damages and is not relevant to the present case.

At the outset, the Court notes, "'[t]here is no independent cause of action for punitive damages under either federal or Missouri law.'" *Jackson v. Asplundh Constr. Corp.*, No. 4:15CV00714 ERW, 2016 WL 4701589, at *3 (E.D. Mo. Sept. 8, 2016) (quoting *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009) (internal quotation omitted)). Thus, a punitive damages claim "'must be brought in conjunction with a claim for actual damages.'" *Id.* (quoting *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 866 (Mo. Ct. App. 2000)).

In the instant case, Count II of the Amended Complaint raises a claim under the Unfair Claims Settlement Practices Act, Mo. Rev. Stat. § 375.1000 *et seq*. Plaintiffs specifically allege, "Missouri Revised Statutes, Section 375.1007 provides that 'Any of the following acts by an insurer, if committed in violation of section 375.1005, constitutes improper claims practices . . . .'" (Pls.' Am. Compl. ¶ 26, ECF No. 14) Plaintiffs then list several acts that constitute an improper claims practice set forth in § 375.1007. (*Id.*) Plaintiffs assert that Bi-State's actions in

investigating and addressing their claims violate the statute, thus warranting punitive damages. (*Id.* at ¶¶ 35-37)

Count II of Plaintiffs' Amended Complaint alleges an underlying cause of action under the Unfair Claims Settlement Practices Act. However, the statute provides, "[n]othing in sections 375.1000 to 375.1018 shall be construed to create or imply a private cause of action for violation of sections 375.1000 to 375.1018." Mo. Rev. Stat. § 375.1000. Indeed, as found by the Missouri Court of Appeals, "the act plainly provides that enforcement is limited to the Director of Insurance and sets forth the only available penalties for violations which include a monetary penalty or revocation of the insurer's license." *Roller v. Am. Modern Home Ins. Co.*, 484 S.W.3d 110, 118 (Mo. Ct. App. 2015) (citing Mo. Rev. Stat. §§ 375.1009–1012). Further, "[t]he Act does not establish a method for the waiver of the insurer's right to deny coverage or any private enforcement." *Id.*

The Court finds that dismissal of Count II of Plaintiffs' Amended Complaint is appropriate in this case. First, the Unfair Claims Settlement Practices Act does not create a private cause of action, and Plaintiffs are thus precluded from relying on the statute as an underlying cause of action. *See Roller*, 484 S.W.3d at 118 (rejecting plaintiffs' assertion that they had a private right of action in that the Act identified specific standards of conduct that, if violated, caused the insurer to be in breach of the contract and to forfeit its right to deny coverage). Second, to the extent that Plaintiffs rely on the statute as merely illustrative of Bi-State's allegedly wanton, reckless, and intentional actions, Plaintiffs cannot bring an independent cause of action for punitive damages. *See Jackson*, 2016 WL 4701589, at *3. Therefore, the Court dismisses Count II of Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6) because they are unable to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S.

at 570; *see also Am. Modern Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2017 WL 2225204, at *1 (E.D. Mo. May 22, 2017) (dismissing claim for a violation of Mo. Rev. Stat. § 375.1000 because individual insurance policy holders could not bring a private cause of action under the statute).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II of Plaintiffs' Amended Complaint for Failure to State a Claim (ECF No. 16) is **GRANTED** and Count II of the Amended Complaint is **DISMISSED**.

Dated this 5th day of October, 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**